**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **Gilberto de la Cruz, et al.**<br><br>         Plaintiff,<br><br>         v.<br><br>**El Buen Café; Multinational Insurance Company.**<br><br>         Defendants. | CIVIL NO. 16-1194 (PG) |

### OPINION AND ORDER

Gilberto de la Cruz, his wife Milagros Vargas, and their grandson Joel Pedro de la Cruz (hereinafter, "plaintiffs") filed an amended complaint alleging that defendants kept insecure conditions in a hotel room plaintiffs occupied. Plaintiffs allege those conditions led to the damages suffered by them, for which plaintiffs claim they are entitled to relief. See Docket No. 25. El Buen Café and Multinational Insurance Company (hereinafter, "defendants") move to dismiss the complaint for failure to adequately state a claim. See Docket No. 27. The court finds that defendants' motion to dismiss should be **DENIED** because, upon amending their allegations, the plaintiffs have successfully stated a plausible claim upon which relief could be granted.

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails to state a claim upon which relief could be granted. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Garcia-Catalan v. United States, 734 F.3d 100, 102 (1st Cir.2013) (quoting Fed. R. Civ. P. 8(a)(2)). When ruling on a motion to dismiss for failure to state a claim, a district court must "ask whether the complaint states a claim to relief that is plausible on its face, accepting the plaintiff's factual allegations and drawing all reasonable inferences in the plaintiff's favor." Cooper v. Charter Communications Entertainments I, LLC, 760 F.3d 103, 106 (1st Cir.2014)(citing Maloy v. Ballori-Lage, 744 F.3d 250, 252 (1st Cir.2014)) (internal quotations marks omitted). Additionally, courts "may augment these facts and inferences with data points gleaned from documents

incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." A.G. ex rel. Maddox v. v. Esevier Inc., 732 F.3d 77, 80 (1st Cir.2013) (citing Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir.2011).

"To cross the plausibility threshold, the plaintiff must 'plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Cooper, 760 F.3d at 106 (citing Maloy 744 F.3d at 252). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, … , on the assumption that all the allegations in the complaint are true (even if doubtful in fact) … ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).

"In resolving a motion to dismiss, a court should employ a two-pronged approach. It should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir.2011) (citing Twombly, 550 U.S. at 555) (internal quotations marks omitted). That is, the court "need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Iqbal, 129 S.Ct. at 1960). "A complaint 'must contain more than a rote recital of the elements of a cause of action,' but need not include 'detailed factual allegations.'" Rodriguez-Vives v. Puerto Rico Firefighters Corps of Puerto Rico, 743 F.3d 278, 283 (1st Cir.2014) (citing Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 53 (1st Cir.2013)). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." Ocasio-Hernandez, 640 F.3d at 12 (citing Iqbal, 129 S.Ct. at 1951).

"Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw

on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950. Nevertheless, when evaluating the plausibility of a legal claim, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; a well-pleaded complaint may proceed even if … a recovery is very remote and unlikely." Ocasio-Hernandez, 640 F.3d at 12-13 (citing Twombly, 550 U.S. at 556). As a result, courts should read the complaint "as a whole" and be cautions not to apply the plausibility standard "too mechanically." See Rodriguez-Vives, 743 F.3d at 283 (citing Garcia-Catalan, 734 F.3d at 101, 103).

## II. PUERTO RICO TORT LAW

### A. Article 1802 of the Puerto Rico Civil Code

Article 1802 of the Puerto Rico Civil Code imposes liability on a person who by "an act or omission causes damage to another through fault or negligence."[1] P.R. laws ann. tit. 31, § 5141. In order to succeed in a tort claim, plaintiff must demonstrate "*first*, the proof of the reality of the damage suffered; *second*, a causal relation between damages and the action or omission of another person; and *third*, said act or omission is negligent or wrongful." Woods-Leber v. Hyatt Hotels of Puerto Rico, Inc., 951 F.Supp. 1028, 1035–36 (D.P.R.1996), aff'd, 124 F.3d 47 (1st Cir.1997)(citing Hernández v. Fournier, 80 P.R.R. 94, 97 (1957)).

"For purposes of Article 1802, there is a causal relationship between an omission and an injury when the injury was reasonably foreseeable and could have been avoided had the defendant performed the omitted act." Woods-Woods-Leber, 951 F.Supp. at 1036. Thus, "in Puerto Rico, just as in the common law jurisdictions, foreseeability is the touchstone of extracontractual liability." Marshall v. Perez-Arzuaga, 828 F.2d 845, 847 (1st Cir.1987). In essence, a tortfeasor is charged with the duty of care of "anticipating reasonably probable injuries to probable victims." Irvine v. Murad Skin Research Laboratories Inc., 194 F.3d 313, 322 (1st Cir.1999).

---

[1] Article 1057 of the Puerto Rico Civil Code defines "fault or negligence" as "the omission of the steps which may be required by the character of the obligation and which may pertain to the circumstances of the persons, time, and place." P.R. laws ann. tit. 31, §3021.

To put it plainly "[the] duty of care may therefore be defined as the obligation to anticipate and take measures against a danger that is reasonably foreseeable." <u>Woods-Leber</u>, 951 F.Supp. at 1036.

"Once a plaintiff has demonstrated that the defendant was negligent (meaning that the defendant breached its duty of care), [he/she] must then demonstrate that the defendant's negligence was the proximate cause of [his/her] injuries." <u>Jimenez v. Desarrolladora Del Norte S En C, S.E.</u>, No. 08-1928 (PG), 2010 WL 3087497, at *4 (D.P.R. Aug. 6, 2010)(<u>quoting</u> <u>Vazquez-Filippetti v. Banco Popular de Puerto Rico</u>, 504 F.3d 43, 49 (1st Cir.2007)). "A defendant's actions may only be the proximate cause of a plaintiff's injuries if they in fact caused the injuries and the Defendant could have reasonably foreseen that the injuries (or related harms) would result from his actions." <u>Id.</u>

  **B. Premises Liability Claims**

When a tort claim is based on dangerous conditions found on commercial property "the general rule is that although a business owner is not the absolute insurer of the safety of its patrons, the business owner has a duty to keep said establishment in a safe condition so that the clients do not suffer harm or damage." <u>Jimenez</u>, 2010 WL 3087497, at *4 (<u>quoting</u> <u>Torres v. Kmart Corp.</u>, 233 F. Supp. 2d 273, 278 (D.P.R.2002)). In claims where the business owner knew or should have known of risky conditions within the business premises, liability is imposed. <u>See</u> <u>id.</u> "In other words, a plaintiff must prove that the defendant had actual or constructive knowledge of the dangerous condition that most likely than not caused the damage." <u>Id.</u> In <u>Goose v. Hilton Hotels</u>, for example, the Puerto Rico Supreme Court held a hotel liable to its patrons in a slip and fall case, where the hotel had maintained unreasonably and foreseeably dangerous conditions on its premises. <u>See</u> <u>Goose v. Hilton Hotels</u>, 79 P.R. Dec. 523, 527 (1956).

### III. DISCUSSION

After accepting the plaintiff's factual allegations and drawing all reasonable inferences in the plaintiffs' favor, the court finds that plaintiffs' claim is plausible on its face. <u>See</u> <u>Cooper</u>, 760 F.3d at 106

(citing Maloy, 744 F.3d at 252). Plaintiffs have provided "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In essence, plaintiffs allege that after taking a hot bath and drying herself in the bathroom, co-plaintiff Milagros Vargas walked into the air conditioned hotel room wearing slippers. Then, plaintiffs claim, Vargas slipped and suffered a fall which resulted in an injury that has caused her severe continuous pain and "affected, on a daily basis, her ambulatory physical movement and capability to do everyday chores… ." Docket No. 25 at p. 5. Plaintiffs further claim they have incurred in medical expenses to treat Vargas' injury. Most importantly, plaintiffs allege defendants are liable because:

> [the] proximate cause of the damages suffered by the co-plaintiff Vargas when she fell to the floor, is the unstable and insecure conditions that policy holder El Buen Café kept at the assigned room before and after the plaintiffs checked in, *by having installed a very smooth tile in the room floor which, upon condensation from the interaction of the air conditioner and hot water bath, created condensation which produced the slippery, dangerous conditions.*

Docket No. 25 at p. 6 (emphasis ours).

These allegations are enough to elevate plaintiffs' claim from a speculative level to cross the plausibility threshold. As previously stated, "[a] complaint 'must contain more than a rote recital of the elements of a cause of action,' but need not include 'detailed factual allegations.'" Rodriguez-Vives, 743 F.3d at 283 (citing Rodriguez-Reyes, 711 F.3d at 53. Plaintiffs' complaint cannot be characterized as merely a rote recital of the elements of a cause of action. Moreover, the court finds that plaintiffs have "[pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cooper, 760 F.3d at 106 (citing Maloy 744 F.3d at 252).

Plaintiffs' complaint constitutes a premises liability claim, in which relief is sought after unreasonably and foreseeably risky conditions within business premises lead to an injury. Pursuant to Article 1802 of the Puerto Rico Civil Code (P.R. laws ann. tit. 31, § 5141), defendants would be liable if plaintiffs can demonstrate "(1) a negligent act or omission, (2) damages, and (3) a causal relationship between them." Castano-Hilera v. Martinez, No. 09-1880 SEC, 2010 WL 3212470, at *2 (D.P.R. Aug. 11, 2010)(quoting Rivera Santiago v. United States, No. CIV. 08-1266 (RLA), 2009 WL 702235, at *2 (D.P.R. Mar. 11, 2009)). Plaintiffs essentially need to show that defendants breached their duty of care by maintaining dangerous conditions in the hotel, of which they knew or should have known, that were the proximate cause of the alleged damages. At this stage of the litigation, the amended complaint is sufficiently well pleaded for the court to believe, that were litigation to proceed, plaintiffs could be able to prove these necessary elements. Thus, the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Cooper, 760 F.3d at 106 (citing Maloy 744 F.3d at 252).

Furthermore, the court cannot "attempt to forecast a plaintiff's likelihood of success on the merits; a well-pleaded complaint may proceed even if … a recovery is very remote and unlikely." Ocasio-Hernandez, 640 F.3d at 12-13 (citing Twombly, 550 U.S. at 556). As such, the court is in no position to dismiss plaintiffs' claims for failure to state a plausible claim upon which relief could be granted, and must therefore **DENY** defendants' motion to dismiss.

### IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is **DENIED**, insofar as plaintiffs adequately state a plausible claim upon which relief could be granted.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, October 28, 2016.

                                              S/ JUAN M. PÉREZ-GIMÉNEZ
                                              **JUAN M. PEREZ-GIMENEZ**
                                              **SENIOR U.S. DISTRICT JUDGE**